UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FIFTH STREET FINANCE CORP. SECURITIES LITIGATION | : Case No. 15-cv-7759 (LAK) : : : |
| This Matter Relates To: All Actions | : : : : : |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2017

[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on February 16, 2017 for a hearing to determine, among other things, whether and in what amount to award plaintiff's counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation of Settlement, dated as of July 27, 2016 (the "Settlement Agreement"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Publication Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and *Investor's Business Daily*, and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of this Action and over all

parties to the Action, including all Class Members and the Claims Administrator.

2. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Plaintiff's counsel is hereby awarded attorneys' fees in the following amounts, plus interest at the same rate earned by the Settlement Fund: Labaton Sucharow LLP $2,076,671.50 and Robbins Geller Rudman & Dowd LLP $393,644.75. Plaintiff's counsel is hereby awarded litigation expenses in the following amounts, plus interest at the same rate earned by the Settlement Fund: Labaton Sucharow LLP $238,073.51 and Robbins Geller Rudman & Dowd LLP $7,049.29 The Court finds these sums to be fair and reasonable under the particular circumstances of this case.

4. The award of attorneys' fees and expenses may be paid to plaintiff's counsel according to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

5. In making the award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a common fund of $14,050,000 and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the

Settlement created by the efforts of plaintiff's counsel;

      (b)    The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by the Lead Plaintiff, a sophisticated institutional investor that has been directly involved in the prosecution and resolution of the Action and which has an interest in ensuring that any fees paid to plaintiff's counsel are duly earned and not excessive;

      (c)    Notice was disseminated to putative Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, including accrued interest, and payment of litigation expenses in an amount not to exceed $500,000, plus accrued interest;

      (d)    The Court has received only two identical and conclusory objections to the fee request, which are hereby overruled;

      (e)    Plaintiff's counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

      (f)    The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      (g)    Plaintiff's counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

      (h)    Plaintiff's counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

      (i)    Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

  (j) The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases; and

  (k) Plaintiffs' counsel have devoted 4,763.05 hours of time, with a lodestar value of $2,464,316.25, to achieve the Settlement.

  6. Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment and Final Order entered with respect to the Settlement.

  7. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

  8. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this order shall be rendered null and void to the extent provided by the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____Feb. 17_____, 2017

              _____
              The Honorable Lewis A. Kaplan
              United States District Judge